**UNITED STATES DISTRICT COURT**
                            **DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,                Criminal No. 07-189 (16) (JRT/JSM)

                    Plaintiff,

v.                                                      **ORDER**

JOHNNIE JOE LONGS,

                    Defendant.


Jeffrey M. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, , Minneapolis, MN 55415, for plaintiff.

Johnnie Joe Longs, No. 13505-041, USP – Marion, P.O. Box 1000, Marion, IL 62959, defendant *pro se*.


Petitioner Johnnie Joe Longs ("Longs") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and subsequently filed a motion for default judgment. He challenges his drug conspiracy and firearm conspiracy convictions on the grounds of ineffective assistance of counsel and insufficient evidence. The Court finds no merit in Longs' motions and will therefore deny them.


                              **BACKGROUND**

On September 6, 2007, a grand jury indicted Longs and charged him and twenty-one others with various drug and firearm offenses in the District of Minnesota. (Superseding Indictment, Sept. 6, 2007, Docket No. 355.) Later, after each of the other

defendants reached plea agreements with the United States, the United States filed a second superseding indictment that named Longs as the sole defendant. (Second Superseding Indictment, April 15, 2008, Docket No. 649.) This indictment charged Longs with conspiracy to distribute and possess with intent to distribute cocaine base ("crack") (Count 1), conspiracy to possess a firearm during and in furtherance of the crack cocaine conspiracy (Count 2), and possession with intent to distribute crack cocaine (Count 3).

At trial, seven of Longs' co-conspirators charged in the first superseding indictment testified for the United States. The jury found Longs guilty of the charges in Counts 1 and 2 and not guilty of the charge in Count 3. (Jury Verdict, Oct. 7, 2008, Docket No. 745.)

Longs twice moved for acquittal. (Mot. for Acquittal, Oct. 9, 2008, Docket No. 746; Mot., Mar. 31, 2009, Docket No. 878.) Longs argued that he was convicted based on unreliable testimony by untrustworthy witnesses. (Mem. in Supp. of Mot. For Acquittal, Oct. 14, 2008, Docket No. 748.) The Court denied the motions for acquittal, holding that the evidence was sufficient to sustain the conviction. (Order, July 17, 2009, Docket No. 917.) The Court then sentenced Longs to 240 months imprisonment. (J., July 20, 2009, Docket No. 921.)

On May 13, 2010, Longs filed an appeal of his convictions. (Notice of Appeal, July 29, 2009, Docket No. 927.) On appeal, Longs argued for the first time that there was a variance between the indictment and the evidence presented to the jury. *United States v. Longs*, 613 F.3d 1174, 1175 (8th Cir. 2010). The Eighth Circuit affirmed Longs'

conviction, finding that "the evidence overwhelmingly supported the charge that Longs participated in the crack conspiracy." *Id.* at 1176. Longs filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on November 29, 2010. (Docket No. 1025.)

Now before the Court is Longs' *pro se* motion for post-conviction relief under § 2255, a supplement to Longs' original § 2255 motion, and a motion for default judgment. (Mot. to Vacate, Nov. 21, 2011, Docket No. 1106; Mot. to Amend, Dec. 27, 2011, Docket No. 1115; Mot. for Default J., Mar. 22, 2012, Docket No. 1151.)[1] The Court will deny each of these motions for the reasons outlined below.

## ANALYSIS

### I. DEFAULT JUDGMENT

As a preliminary matter, the Court must determine if Longs is entitled to a default judgment. Longs requests a default judgment because of the United States' failure to respond on time to his § 2255 motion. The Court originally ordered the United States to respond to Longs' motion by January 31, 2012. The United States failed to respond by that date, and on March 8, 2012, moved for leave to file a response out of time. The Court granted the motion of the United States on March 9, 2012.

---

[1] Longs submitted his first § 2255 motion on November 21, 2011. On December 27, 2011, Longs filed a new § 2255 motion that he labeled a "motion to amend." The Court will treat the "motion to amend" as a supplement to Longs' original § 2255 motion and will address the substance of both the November 21 and December 27 filings. On March 22, 2012, Longs filed a *pro se* motion for default judgment, seeking a default judgment regarding his § 2255 motion based on the United States' failure to timely respond. This order will also address Longs' motion for default judgment.

Federal Rule of Criminal Procedure 45(b)(1)(B) states that when a party's motion to extend the time for a response is brought after the initial deadline has expired, a court may extend the time for "good cause" "if the party failed to act because of excusable neglect." Excusable neglect "is not limited strictly to omissions caused by circumstances outside the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 391 (1993). The determination of whether a party's neglect is "excusable" considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395 (footnote omitted).

The Court finds that it properly exercised its discretion in granting an extension of time because the United States' neglect was excusable. The United States' request to file a response out of time cited a busy trial schedule, and the Court finds no indication that the United States acted in bad faith. Moreover, the delay did not significantly impact these proceedings nor prejudice Longs. Therefore, the United States' neglect in responding to Longs' motion was excusable, and the Court thus denies Longs' motion for default judgment. *See generally Hale v. Lockhart,* 903 F.2d 545, 547 (8th Cir. 1990) (noting that "no court has ordered a habeas writ to issue solely because of delay").

## II.     STANDARD OF REVIEW

Because Longs is not entitled to a default judgment, the Court must analyze his claim under § 2255. A prisoner may file a motion to vacate, set aside, or correct a

sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).

To determine if Longs is entitled to relief under § 2255, the Court must first determine if his motion is procedurally barred. Next, the Court will analyze the substance of Longs' § 2255 claims to the extent they are not procedurally barred.

### III. PROCEDURAL BAR

#### A. Issues Previously Decided

The Court must determine if any of the issues now raised by Longs have already been decided. Collateral proceedings under § 2255 are not designed to replace federal appellate procedures. *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Thus, "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley,* 245 F.3d 750, 752 (8th Cir. 2001).

Longs asserts in his § 2255 motion that the evidence entered at his trial was legally insufficient to sustain his conviction. Longs previously raised this issue in his direct

appeal to the Eighth Circuit. The Eighth Circuit held that the "evidence overwhelmingly supported the charge that Longs participated in the crack conspiracy as alleged in the second superseding indictment." *Longs,* 613 F.3d at 1176. [2] Because the Eighth Circuit has already ruled that the evidence was sufficient to support Longs' conviction, Longs' argument of legally insufficient evidence is foreclosed.

    **B.    Issues Not Previously Raised**

The Court must further determine if Longs' claims that were not earlier raised are procedurally barred. Courts presume that a § 2255 petitioner was "fairly and finally convicted." Section 2255 relief is thus generally not available to correct errors which could have been raised at trial or on direct appeal. *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). This general principal applies to evidentiary issues. *Houser v. United States,* 508 F.2d 509, 515–16 (8th Cir. 1974). Certain claims, however, may be raised for the first time in a § 2255 petition.

The remainder of Longs' § 2255 claims allege ineffective assistance of counsel. Longs may bring these claims in the first instance under § 2255 because they take longer to develop than guilt or innocence issues that form the basis of trial. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). "[An] ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504.

---

[2] This Court likewise held that the evidence was sufficient to sustain Longs' conviction. (Order, July 17, 2009, Docket No. 917.)

Here, Longs raises several claims under cover of ineffective assistance of counsel. Longs asserts that both his trial counsel and appellate counsel were ineffective. Longs' ineffective assistance of counsel claims, described in more detail below, focus on alleged attorney errors that, if true, may have undermined the legitimacy of Longs' trial. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that an ineffective counsel "undermine[s] the proper functioning of the adversarial process [so] that the trial cannot be relied on as having produced a just result"). Longs is thus not procedurally barred from bringing these claims. *See Massaro*, 538 U.S. at 504-05.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Because Longs' ineffective assistance of counsel claims are not procedurally barred, the Court must decide if they warrant relief under § 2255. To prevail on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 688, 694; *Garrett v. United States,* 78 F.3d 1296, 1301 (8th Cir. 1996). Under *Strickland,* there is a presumption that an attorney's representation was competent and that the challenged decisions constituted permissible strategic and tactical choices. *Strickland,* 466 U.S. at 689.

### A. Rule 801(d)(2)(E) Hearsay Testimony

Longs' first claim of ineffective assistance rests on his counsel's failure to object to evidence that Longs argues was excluded by hearsay rules. Specifically, Longs asserts that statements made by various United States witnesses were inadmissible hearsay under Federal Rule of Evidence 801(d)(2)(E). This Rule addresses the admissibility at trial of co-conspirator statements made after the arrest of the members of a charged conspiracy. The Rule excludes from hearsay the statements "made by the party's co-conspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

Longs argues that the testimony at trial of each of the seven co-conspirators was inadmissible under Rule 801(d)(2)(E). Longs appears to believe that the in-court testimony of the co-conspirators was hearsay because the testimony was not in furtherance of the conspiracy. This misstates the hearsay rules. In-court testimony need not be made in furtherance of a conspiracy. The co-conspirator testimony at Longs' trial, which consisted of first-hand accounts of Longs' drug dealing and firearm possession activities that occurred during the conspiracy, was not hearsay. (*See* Jefferson Test., Tr. 82-95; Smith Test., Tr. 136-59; Deborah Lomax Test., Tr. 274-81; T. Arrington Test., Tr. 289-97; Brown Test., Tr. 317-22; Eloe Lomax Test., Tr. 337-47; E. Arrington Test., Tr. 400-409.) Furthermore, to the extent that Longs is challenging the admission of other testimony, Longs has pointed to no specific out-of-court statements that were improperly admitted at trial. Because an attorney cannot be found ineffective for failing to pursue a

meritless claim, *Dyer v. United States,* 23 F.3d 1424, 1426 (8th Cir. 1994), the Court finds that Longs' attorney's performance was not deficient on this ground.[3]

### B. Rule 404(b) Evidence of Past Crimes

The Court must next determine whether Longs' attorney failed to object to inadmissible Federal Rules of Evidence 404(b) evidence. Longs claims that his attorney should have objected under this Rule to the admission of his uncharged drug activity at three houses rented by Deborah Lomax, a co-conspirator of Longs.[4]

Rule 404(b) states, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But evidence establishing the specific elements of the charged crime are not covered by Rule 404(b). *See United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997) (stating that "bad acts . . . that form an integral part of the crime charged do not come within [Rule 404(b)'s] ambit at all"). The Court must determine, therefore, if the evidence admitted at trial about Longs' drug activity involved specific acts that were an integral part of the charged crime.

---

[3] Longs also states that the admission of the testimony of co-conspirators violated his Sixth Amendment Confrontation Clause rights. Because Longs had the ability to cross examine the co-conspirators, his Confrontation Clause rights were not violated by their testimony. *See United States v. Charboneau*, 613 F.3d 860, 861 (8th Cir. 2010) ("[T]he Confrontation Clause bars admission of testimonial statements of a witness **who did not appear at trial** unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination.") (internal quotation marks omitted) (emphasis added).

[4] Longs argues that the Court improperly admitted evidence of alleged drug activity at three houses rented by Lomax. Longs does not specify the testimony to which he objects.

Count 1 charged Longs with conspiracy to distribute and possess with intent to distribute crack "from before 2005, through on or about July 1, 2007." (Second Superseding Indictment, April 15, 2008, Docket No. 649.) The testimony of each co-conspirator described Longs conspiring at Lomax's houses to distribute crack and possess with intent to distribute crack at some time before July 1, 2007. (*See* Jefferson Test., Tr. 82-95; Smith Test., Tr. 136-56; Deborah Lomax Test., Tr. 274-79; T. Arrington Test., Tr. 289-98; Brown Test., Tr. 317-22; Eloe Lomax Test., Tr. 337-47; E. Arrington Test., Tr. 400-409.) The co-conspirators testified about integral parts of the charged conspiracy and not about past crimes. Therefore, Rule 404(b) does not apply. *See also Longs*, 613 F.3d at 1176 (holding that all of the evidence admitted at Longs' trial related directly to his involvement in the crack and firearm conspiracies as charged in the second superseding indictment). Because the co-conspirator testimony did not introduce Rule 404(b) evidence, Longs' attorney cannot be found ineffective for failing to offer a meritless objection to this evidence. *See Dyer v. United States,* 23 F.3d 1424, 1426 (8th Cir. 1994).[5]

### C.     Other Ineffective Assistance of Counsel Claims

Several other ineffective assistance of counsel claims are before the Court. The Court finds no merit in any of these claims. First, Longs claims that, in his appeal to the Eighth Circuit, his appellate counsel failed to cite "the proper cases" as to the alleged

---

[5] Longs also argues that his attorney should have requested a limiting instruction for Rule 404(b) evidence. Longs does not specify for which evidence counsel should have requested the instruction. Regardless, because the Court admitted no Rule 404(b) evidence, this argument lacks merit.

variance between the indictment and the evidence presented at trial.  (Mot. to Amend, Dec. 27, 2011, Docket No. 1115 at 4.)  Longs was not specific regarding which cases his attorney ought to have cited.  Longs likely takes this contention from the Eighth Circuit's opinion of his direct appeal, which stated, "The cases Longs cites in support of his variance argument are inapposite."  *Longs,* 613 F.3d at 1177.  The Court finds that the cases cited in Longs' brief were inapposite not because of ineffective assistance but because the Eighth Circuit rejected the substance of Longs' argument.  *See id.* at 1176.

Second, Longs argues that his appellate attorney erred in failing to discuss his earlier motions for acquittal in the appellate brief.  Longs contends that a discussion of the motions for acquittal would have resulted in the Eighth Circuit reviewing the trial record *de novo*.  The Eight Circuit, however, would not have undertaken a *de novo* review because it employs "a strict standard of review regarding denials of motions for acquittal, viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence."  *United States v. No Neck*, 472 F.3d 1048, 1052 (8th Cir. 2007).  Moreover, strategic choices made by counsel are subject to a "strong presumption" of competence.  *Strickland*, 466 U.S. at 689.  Because the Court finds that the record supports the jury's guilty verdict, the Court finds no reasonable probability that the appellate court would have ruled differently had Longs' appellate attorney raised the issue of the district court's denial of a motion for acquittal.  The Court thus finds that the

strategic choice of Longs' appellate counsel not to raise the motions for acquittal was reasonable.[6]

Finally, Longs argues that his trial attorney rendered ineffective assistance by failing to adequately cross examine Special Agent David Voth as to Longs' participation in the conspiracy. As stated above, choices made by an attorney are judged by an "objective standard of reasonableness" and are subject to a "strong presumption" of competence. *Strickland*, 466 U.S. at 688-89. Longs' specific concern with the cross examination is unclear. After reviewing the transcript, the Court finds that the decisions regarding the cross-examinations of Special Agent Voth did not fall below an objective standard of reasonableness. (*See* Voth Test., Tr. at 428-31.)

### CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in Longs' motions differently. The Court therefore

---

[6] Longs also states that his appellate attorney failed to argue that certain evidence at trial should have been excluded pursuant to Federal Rules of Evidence 401 and 403. Longs did not specify which evidence he contends should have been excluded. The Court therefore declines to address this issue.

concludes that Longs has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motions to Vacate under 28 U.S.C. § 2255 [Docket Nos. 1106 and 1115] are **DENIED**.

2. Defendant's Pro Se Motion for Default Judgment [Docket No. 1151] are **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 25, 2012            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                         United States District Judge