| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNIE JOE LONGS,<br><br>Defendant. | Crim. No. 07-189 (16) (JRT/JSM)<br><br><br><br>**ORDER** |

Johnnie Joe Longs, #13505-041, Federal Correctional Institution – Sandstone, Post Office Box 1000, Sandstone, MN 55072, *pro se*.

Jeffrey M. Bryan, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

On July 25, 2012, the Court denied federal prisoner Johnnie Joe Longs' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* Order, July 25, 2012, Docket No. 1177.) Longs then filed a *pro se* motion for discovery material, which is presently before the Court. (Mot., Mar. 1, 2013, Docket No. 1210.) Longs seeks, apparently free of charge, "the docket and discovery material" from his criminal case as well as "grand jury testimony only as it pertains to [Longs]." (*Id.*) Longs seeks the former "[f]or the purpose of filing a rule 60(b) motion or successive 2255 and ultimately a[n] actual innocence claim," and he seeks the latter "for the purpose of challenging jurisdiction and filing an actual innocence claim." (*Id.*)

The Court ordered the United States to respond to Longs' motion for discovery by April 30, 2013. (Order, Apr. 16, 2013, Docket No. 1231.) On May 24, 2013, the United States had not responded[1] and Longs filed a document entitled "Verified Notice of Good and Probable Cause to Cite for Contempt and Seeking Hearing(s)." (Verified Notice, May 24, 2013, Docket No. 1260.) In the Verified Notice, Longs requests that the Court order the United States to produce the requested materials and appear at a hearing to show cause why they should not be cited for contempt and sanctioned due to their failure to timely respond to his motion. (*Id.* at 4-5.) Longs also alleges that the failure to provide the documents was related to a larger "plot" to obtain a conviction illegally. (*Id.* at 2-3.)

The Court will deny Longs' motion for discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a habeas petitioner is entitled to discovery only upon a showing of good cause. *See id.*; *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a). The only specific requests Longs makes are for certain witnesses' grand jury testimony, which is subject to particularly stringent limitations. "[A] long-established policy in the federal courts maintains the secrecy of [grand jury] proceedings" and "[p]arties seeking disclosure must show a particularized need" for the material sought. *United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985) (internal quotation marks omitted).

---

[1] The United States filed a response to Longs' motion for discovery on June 6, 2013. (Resp., June 6, 2013, Docket No. 1266.)

The Court finds that Longs has not demonstrated good cause to allow any discovery or a particularized need for disclosure of grand jury testimony. It is difficult to decipher exactly what claims Longs believes the requested discovery will support, but Longs appears to believe that government officials involved in all stages of his prosecution have been part of a plot or conspiracy to manufacture evidence against him and violate his rights. (*See* Verified Notice at 2-3.) Longs has certainly not made "specific allegations" giving the Court "reason to believe that [he] may, if the facts are fully developed, be . . . entitled to relief." *Bracy*, 520 U.S. 908-09 (internal quotation marks omitted). Nor has Longs demonstrated a "particularized need" for the Court to order disclosure of grand jury testimony. *Benson*, 760 F.2d at 864. Thus, Longs' filings do not establish that he is entitled to the discovery he seeks.[2]

In addition to the substantive weakness of Longs' request, Longs' motion is premature because Longs does not have a case currently pending before the Court. *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (per curiam) ("'[A]ny request for a free transcript prior to the filing of a section 2255 complaint is

---

[2] In addition to grand jury transcripts, Longs also requests "the docket and discovery material" for his criminal case. (Mot. at 1.) While grand jury materials may only be disclosed by order of the Court, Longs is entitled to obtain any non-sealed materials from his docket, including the docket sheet itself, if he is willing and able to pay for them. The Clerk of Court should be able to furnish a quote for the costs if Longs informs the Clerk exactly what records he seeks. A federal statute allows habeas petitioners to obtain materials at the United States' expense if the petitioner is granted *in forma pauperis* status and if the Court certifies that the suit is not frivolous and the material is needed to decide the issue presented. *See* 28 U.S.C. § 753(f). While Longs did not refer to § 753(f), it is possible that he meant to take advantage of the provision. The Court will not grant Longs any discovery at the United States' expense, however, because (1) Longs does not have a habeas petition pending, (2) Longs has not obtained *in forma pauperis* status, and (3) Longs has not established that any claim he might potentially raise in a second or successive habeas petition would be non-frivolous.

premature.' . . . [A]ccess to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case." (quoting *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (per curiam))).[3] Even if Longs' requests established that he would be entitled to discovery under the rules governing discovery in habeas proceedings, Longs does not have a pending habeas petition and the requests are therefore premature.[4] For these reasons, the Court denies Longs' motion for discovery.

The Court will also not grant the relief Long seeks in his Verified Notice. Longs appears to argue that because the United States did not respond to his motion for discovery within the timeframe ordered by the Court, (1) the Court should infer that the materials he requested are "damning to their cause"; and (2) the Court should schedule a hearing and order the United States to show cause why it should not face sanctions for contempt. (Verified Notice at 4-5.)

The Court notes that much of Longs' argument appears to be premised on a misunderstanding of the Court's earlier order requiring a response from the United States. Longs seems to believe that the Court intended to order the United States to provide the

---

[3] *See also United States v. Barnett*, 389 F. App'x 575 (8th Cir. 2010) (per curiam) ("[W]e find no basis for reversal because it is undisputed that [Petitioner] had not filed a section 2255 motion at the time he requested the exhibit."); *United States v. Herrera-Zaragosa*, 84 F. App'x 728, 729 (8th Cir. 2004) (per curiam) ("[P]etitioner is not entitled to transcript copies prior to filing a section 2255 motion.").

[4] Further, because Longs has already brought one § 2255 motion, he may not bring another § 2255 motion in the district court unless he receives authorization to do so from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). Such authorization is granted in limited circumstances. *See id.*

requested materials. In fact, the Court merely ordered the United States to file a written response explaining whether it believed that Longs was entitled to the requested materials. (Order, Apr. 16, 2013, Docket No. 1231.) Longs has not indicated that he has suffered prejudice as a result of the United States' untimely response, and the Court would have reached the same conclusion as to Longs' motion for discovery in the absence of any response from the United States. Therefore, the Court does not find that the United States' tardy response warrants a finding of contempt or other sanction. *Cf. Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) (finding no abuse of discretion by the court's consideration of a late-filed government response). The Court notes, however, that the appropriate practice would have been for the United States to file its response or request an extension prior to the deadline.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Longs' motion for discovery [Docket No. 1210] is **DENIED** and the relief Longs seeks in his Verified Notice of Good and Probable Cause to Cite for Contempt and Seeking Hearing(s)" [Docket No. 1260] is **DENIED**.

DATED: August 9, 2013  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge